UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
TIMOTHY CHAPMAN, SR., : CASE NO. 1:11-CV-2229
:
        Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 4]
PNC BANK, NATIONAL :
ASSOCIATION, :
:
        Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* plaintiff Timothy Chapman, Sr. filed the above-captioned action in the Cuyahoga County Court of Common Pleas on September 16, 2011 against defendant National City Real Estate Services LLC successor by merger to National City Mortgage, Inc., fka National City Mortgage Co. (hereinafter "National City"). In the Complaint, plaintiff alleges federal claims under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and 18 U.S.C. §§ 241, 241, 474, as well as state law claims for abuse of process, fraud, and intentional infliction of emotional distress. PNC Bank, National Association ("PNC"), successor by merger to National City, removed the action to federal court on October 19, 2011 and filed a Motion to Dismiss for failure to state a claim (Doc. 4) on October 26, 2011.

## I. Background

    The Complaint contains very little in the way of factual allegations. It appears to relate to plaintiff's purchase of a note secured by a mortgage for residential property located at 324

Danbury Lane in Richmond Heights, Ohio. Specifically, plaintiff alleges that he "signed an unconscionable contract" to purchase the property located at 324 Danbury Lane. (Doc. 1-1 at 1). He asserts this contract was fraudulent in nature and is "void on its face." (Doc. 1-1 at 3). He further asserts defendant filed a "fraudulent foreclosure action" relating to this property, with malicious intent to injure him and as part of a "conspiracy to commit larceny." (Doc. 1-1 at 11).

A review of the Cuyahoga County Court of Common Pleas docket indicates that, on January 26, 2009, National City filed a Complaint in Foreclosure and Declaratory Judgment and Equitable Lien against plaintiff herein regarding the 324 Danbury Lane property. National City later filed a Motion for Default Judgment and a default hearing was held on May 5, 2009. Plaintiff failed to attend the hearing and did not file any responsive pleadings. The Magistrate Judge granted default judgment in National City's favor on May 6, 2009. This decision was adopted by the trial court in a Judgment Entry dated June 5, 2009 as follows:

> Judgment for [National City] and against . . . Timothy J. Chapman, Sr. and Edwina Chapman, jointly and severally, in the sum of $228, 712.26 with interest thereon at the rate of 5.375% per annum for 10/1/2008. Decree of Foreclosure for [National City]. [National City] may order to Sheriff's Sale the Property located at 324 Danbury Lane, Richmond Heights, Ohio 44143.

*See National City Real Estate Services LLC v. Timothy Chapman*, Case No. CV-09-682908 (Cuyahoga County Ct. C. P.).

On August 20, 2009, the trial court stayed the proceedings, apparently on the basis of an automatic stay imposed as a result of plaintiff's Chapter 7 Bankruptcy action. Shortly thereafter, National City filed a Notice of Termination of Automatic Stay. It appears from the docket that the trial court ordered a sheriff's sale for the 324 Danbury Lane property, and that the property was sold on September 19, 2011. The trial court entered a Decree of Confirmation of the sale on

November 14, 2011, ordering the Sheriff to "execute and deliver to Federal Home Loan Mortgage Corporation a good and sufficient deed thereof." On December 30, 2011, plaintiff filed a Motion to Reopen the Case and Vacate Order pursuant to Ohio Rule of Civil Procedure 60(b). The trial court has not yet ruled on plaintiff's Motion.

Plaintiff filed the instant Complaint in the Cuyahoga Court of Common Pleas on September 16, 2011. It alleges the following six counts for relief: (1) civil conspiracy and violations of plaintiff's equal protection rights under §§ 1983, 1985, 1986 and 1988 (Count One); (2) conspiracy under §§ 1983, 1985(2) and (3); (Count Two); (3) "refusing or neglecting to prevent" plaintiff from signing an unconscionable contract (Count Three); (4) malicious abuse of process (Count Four); (5) conspiracy under 18 U.S.C. §§ 241 and 242 (Count Five); and (6) intentional infliction of emotional distress. He also appears to assert, in the body of his Complaint, claims for fraud and violations of 18 U.S.C. § 474 and UCC 3-501(B)(2).[1]

Based on the federal claims asserted in the Complaint, PNC filed a Notice of Removal on October 19, 2011. (Doc. 1). PNC also filed a Motion to Dismiss for failure to state a claim (Doc. 4) and an Answer on October 26, 2011. (Docs. 4, 5). Plaintiff has not filed an Objection to the Notice of Removal, or a response to defendant's Motion to Dismiss.

For the reasons set forth below, the Court finds that it has subject matter jurisdiction over the instant case and that removal was proper. Defendant's Motion to Dismiss is granted. (Doc. 4).

---

[1] Plaintiff also filed an Application for Temporary Restraining Order, seeking an order restraining defendant from entering the 324 Danbury Lane property.

## II. Removal

A defendant may remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A civil action founded on a claim based on a federal statute may be removed regardless of the citizenship of the parties. 28 U.S.C. § 1441(b). Whenever a federal claim is joined with "one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates." 28 U.S.C. § 1441(c).

To remove a civil action from state court to federal court, a defendant must file in the district court a Notice of Removal containing a short and plain statement of the grounds for removal, along with a copy of all pleadings and orders served upon the defendant, within 30 days of receiving the complaint or summons, or within 30 days of receiving an amended pleading, motion, order or "other paper" from which the removability of the action may first be ascertained. 28 U.S.C. § 1446(a), (b). A case may be remanded at any time prior to final judgment if it appears the federal court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). A Motion to Remand the case to state court for any reason other than lack of subject matter jurisdiction must be made within 30 days after the filing of the Notice of Removal. 28 U.S.C. § 1447(c).

The Court finds that removal was proper in the instant case. PNC states it received notice of plaintiff's Complaint on September 19, 2011. It filed its Notice of Removal on October 19, 2011, within the 30 day time limit imposed by 28 U.S.C. § 1446(a), (b). Moreover, PNC correctly notes that the Complaint raises numerous federal claims, including claims under 42

U.S.C. § 1983, 1985, 1986, 1988 and 18 U.S.C. § § 241, 242 and 474. Accordingly, and in the absence of any objections from plaintiff, the Court finds it has subject matter jurisdiction to consider the matter and that it is removable from state court.

### III.  Motion to Dismiss

#### A.  Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully." *Id.*

Federal Rule of Civil Procedure 8 provides the general standard of pleading and only requires that a complaint "contain . . . a short plain statement of the claim showing that the pleader is entitled to relief." Fed. R.Civ. P. 8(a)(2). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 129 S.Ct. at 1949 (citations omitted).  In deciding a motion to dismiss under Rule 12(b)(6), "a court should assume the[ ] veracity" of "well-pleaded factual allegations," but need not accept a plaintiff's conclusory allegations as true. *Id*. at 1949-51.

#### B.  Res Judicata

In its Motion to Dismiss, PNC argues that plaintiff's federal and state law claims are barred by the doctrine of *res judicata* and, thus, the Complaint should be dismissed pursuant to

Fed. R. Civ. Proc. 12(b)(6) for failure to state claim upon which relief may be granted. PNC maintains the instant case involves the same parties and arises out of the same incident that was fully adjudicated in the underlying 2009 state foreclosure action, i.e. *National City Real Estate Services LLC v. Timothy Chapman*, Case No. CV-09-682908 (Cuyahoga Cnty. Ct. C. P.). It further asserts plaintiff's claims in the instant case could have been raised in that previous state foreclosure action and are, thus, barred under Ohio principles of claim preclusion.

A federal court must give a state court judgment the same preclusive effect it would have in the courts of the rendering state. 28 U.S.C. § 1738; *Dubuc v. Green Oak Township*, 312 F.3d 736, 744 (6th Cir. 2002). When a federal court is asked to give preclusive effect to a state court judgment, the federal court must apply the law of the state in which the prior judgment was rendered in determining whether the prior judgment should be given preclusive effect in a federal action. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 81, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). As an Ohio state court granted default judgment in defendant's favor, this Court must look to Ohio law regarding *res judicata* to determine whether plaintiff's claims are barred.

In Ohio, the doctrine of *res judicata* encompasses the two related concepts of claim preclusion and issue preclusion. *State ex rel. Davis v. Pub. Emp. Ret. Bd.*, 120 Ohio St.3d 386, 392, 899 N.E.2d 975, 981 (2008). Under the Ohio doctrine of claim preclusion, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 382, 653 N.E.2d 226, 229 (1995). The doctrine of claim preclusion encompasses "all claims which were or might have been litigated in a first lawsuit."

*Id*. at 229.

  Claim preclusion has four elements in Ohio: (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.  *In re Fordu*, 201 F.3d 693, 703-04 (6th Cir. 1999) (construing Ohio law).

  Applying this test, the Court finds plaintiff's claims are barred by the doctrine of claim preclusion.  First, the Court finds the state court decision granting default judgment in defendant's favor with respect to its 2009 foreclosure action constitutes a prior, final valid decision on the merits by a court of competent jurisdiction.  Indeed, Ohio case law expressly recognizes that "[a] default judgment is a valid and final judgment upon the merits, and it can be, therefore, a proper bar to later claims for purposes of claim preclusion."  *Stand Energy Corp. v. Ruyan*, 2005 WL 2249107 at * 2 (Ohio 1st Dist. Ct. App.) (citing *Federal Deposit Ins. Corp. v. Willoughby*, 19 Ohio App.3d 51, 53-4, 482 N.E.2d 1267, 1270 (Ohio 8th Dist. Ct. App. 1984)). *See also Board of County Comm. v. Hessler*, 2008 WL 2788278 at * 6-7 (Ohio 5th Dist. Ct. App. 2008); *Harris-Gordon v. Mortgage Elecs. Registration Sys.*, 2010 WL 3910167 at * 3 (N.D. Ohio Oct. 4, 2010)(applying Ohio law).

  Second, the Court finds the parties in the 2009 foreclosure action and the instant case are the same or in privity.  The defendant in the 2009 foreclosure action was plaintiff herein, i.e. Timothy Chapman, Sr.  The plaintiff in the 2009 foreclosure action and the named defendant in the instant action is "National City Real Estate Services LLC successor by merger to National

City Mortgage Inc. fka National City Mortgage Co. c/o National City Bank." As set forth *supra*, PNC alleges in its Answer and Motion to Dismiss that it is successor by merger to National City. Plaintiff has not opposed PNC's Motion, and thus offers no objection either to PNC's assertion that it is successor by merger to National City or to its argument that it is the same party or in privity for claim preclusion purposes. Thus, and in the absence of any argument from plaintiff to the contrary, the Court finds the parties in the instant case and the 2009 foreclosure action are the same or in privity, satisfying the second element of Ohio's claim preclusion test.

Third, the Court finds plaintiff's claims, both state and federal, could have been litigated in the 2009 foreclosure action. Had plaintiff filed an Answer in that previous action, he could have filed counterclaims asserting the claims set forth herein. *See Kline v. Mortgage Electronic Security Systems*, 2011 WL 1134604 at * 6 (S.D. Ohio Feb. 17, 2011) (finding plaintiff could have raised present claims in defense of state court mortgage foreclosure action, thus satisfying third element of Ohio's claim preclusion test); *Harris-Gordon v. Mortgage Elecs. Registration Sys.*, 2010 WL 3910167 (N.D. Ohio Oct. 4, 2010)(finding claims that plaintiff should have raised in the foreclosure proceedings were barred by Ohio's claim preclusion doctrine).

Fourth, and finally, the Court finds the instant case arises out of the same transaction or occurrence that was the subject of the 2009 foreclosure action; i.e. plaintiff's default on his mortgage relating to the 324 Danbury Lane Road property.

Based on the above, the Court finds plaintiff's federal and state claims are barred by the doctrine of claim preclusion and, therefore, fail to state claims upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). In light of this finding, the Court need not reach defendant's arguments regarding additional, independent grounds for denying plaintiff's

individual claims.

## IV. Conclusion

Accordingly, defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 4) is granted.

IT IS SO ORDERED.


Dated: January 18, 2012          *s/    James S. Gwin*
                                              JAMES S. GWIN
                                              UNITED STATES DISTRICT JUDGE